```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
OSCAR TURNER,                                         :

                    Plaintiff,                        :

          -against-                                   :      **REPORT AND RECOMMENDATION**

SAINT DOMINIC'S HOME,                                 :      12 Civ. 2648 (PAC) (KNF)
UFCW, LOCAL 888,
                                                      :
                    Defendants.
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

### BACKGROUND

On April 5, 2012, Oscar Turner ("Turner") commenced this action, proceeding pro se, against Saint Dominic's Home ("SDH") and United Food and Commercial Workers Union, Local 888 ("UFCW"), alleging unlawful employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the New York State Human Rights Law, New York Executive Law §§ 290-301. UFCW filed an answer. Before the Court is SDH's motion to dismiss, made pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Turner opposes the motion.

*Allegations in the Complaint*

The following are Turner's allegations in the complaint:

In September 2010, Turner reported to Susan Smith ("Smith"), a Human Resources Manager, that Maxine Lewis ("Lewis"), a Resident Manager, directed abuse at him orally, remarking often "that all Americans are stupid." Smith suggested to Turner that he "should

1

transfer to another work site." In October 2010, an employee, Thomas Sayers ("Sayers"), threatened to slap Turner's face, while he was talking to Lewis. Turner reported this incident to Smith, who had the matter investigated. Lewis reported to the investigator that Turner provoked Sayers, but the investigator never interviewed Turner.

Turner asserted that every performance evaluation he received from SDH "has been graded poor or failing work performance," and Lewis refused to give him a copy of any of them. Moreover, Lewis discussed Turner's performance evaluations with him in front of other employees, which she did not do with any other employee.

In June 2009, Lewis assigned Turner to cooking duties, and he "cooked dinner from that date until March of 2012," notwithstanding that "[a]ll duties are supposed to be shared by each staff member." According to Turner, in addition to his cooking duties every night, he also shared in other duties, such as "cleaning the consumers, dispensing medicine, recreation with consumers, washing clothes, etc."

On January 24, 2010, Turner's pay check was short one day's pay, and he brought this issue to Lewis's attention. Lewis said she would investigate the matter. When Turner did not see any correction on his next pay check, he called Smith, who directed him to contact the payroll department. Turner was advised by "Carol in payroll" that Lewis had to complete a requisition form to receive his unpaid salary, but Lewis never did that, and he never received the unpaid salary.

In December 2010, Smith conducted confidential interviews with some employees, and she told Turner that she and another person received an anonymous letter alleging that Lewis "discriminates against American employees." Smith inquired of Turner whether he believed Lewis was fair, or that she singled out or favored particular employees. Turner reported to

2

Smith that Lewis discriminated against American employees and, thereafter, Smith never contacted him. When Turner returned to work after his confidential interview with Smith, Lewis asked him if he "was plotting on her."

Turner alleges that, in January 2011, he was suspended for arriving late to work, but another employee, Isaac Pemph, who arrived to work late regularly on Wednesdays and Thursdays, was not suspended for his tardiness. Similarly, Anthony Coto, who relieved Turner of duty, also arrived to work late "almost every Monday, Tuesday and Wednesday," and "Yaw Boafoe ["Yaw"] also arrives to work late," but "none of these men were suspended for their lateness." Turner maintains that Lewis wrote up Yaw for lateness only after Turner filed a complaint against SDH with the New York State Division of Human Rights ("NYSDHR"). Turner also alleges that after he filed the complaint with NYSDHR, from June 2009, until June 2011, he was assigned two consumers who wore "adult diapers, because no one else wanted to deal with them, even though they are on different floors," which was against SDH's policy, since "each staff member should be assigned to one bedroom each."

On September 19, 2011, Sharon Latimer wrote Turner up for arriving to work late, but she did not write up another employee, who arrived late every night to relieve Turner of his duty. In January 2012, one of the consumers passed away. Lewis told a person identified only as "'Kanisha' that it was [Turner's] fault," and "Kanisha has taken every opportunity she can find to make discriminating remarks about Americans."

Turner also complained to UFCW about his problems with Lewis, but received no response to his complaints. On March 13, 2012, Turner was suspended from work and advised that he could not return until he completes his annual physical examination. Turner completed the examination on March 14 and returned to work on March 17, 2012. According to Turner,

3

other employees did not complete their physical examinations timely, but he was the only employee who was singled out and suspended.

Attached to Turner's complaint are two exhibits: (i) the January 24, 2012 United States Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Rights, indicating that it "has adopted the findings of the state or local fair employment practices agency that investigated this charge"; and (ii) the May 27, 2011 United States of America National Labor Relations Board Charge Against Labor Organization or Its Agents, filed by Turner, contending that UFCW "failed and refused to process the grievances of Oscar Turner regarding his suspension, his pay, and the treatment he receives from his managers for arbitrary and capricious reasons."

***SDH's Contentions***

SDH contends that Turner failed to allege an adverse employment action occurred because his "vague allegations regarding his job assignments, having work performance questioned in the presence of other staff members and a minor unelaborated suspension for admitted lateness, are not actionable." Moreover, Turner failed to allege sufficient facts supporting an inference of discrimination, such as "the context or circumstances of the specific comments allegedly made by Ms. Lewis, when they were made, who was present, and how any arguable connection may be inferred between the supposed comments and his job assignments." SDH contends Turner also failed to allege that decisions regarding his employment "are attributable to Ms. Lewis without the input or ultimate decision-making of others in an authority position," and he did not identify other employees who engaged in misconduct for which they were not disciplined, who supervised them or when their misconduct occurred. Similarly, according to SDH, Turner failed to assert facts from which it can be concluded that these other

4

employees are similarly situated to him and were treated differently based on their national origin.  SDH asserts that "it is impossible to ascertain from the pleadings what determinations were made by whom and under what circumstances, that would warrant the inferences necessary to maintain the instant action."

SDH contends that Turner's claims are barred, in whole or in part, by the statute of limitations because Turner filed his complaint with NYSDHR and EEOC on May 20, 2011, making "only alleged employment actions that occurred within three hundred days before that date . . . actionable."  Moreover, claims not raised in the administrative proceeding are not actionable.  According to SDH, Turner asserted, in this lawsuit, "acts occurring on June 16, 2009, January 2010, September 2011, January 2012 and March 2012, . . . involving unidentified incidents that were not alleged" in his NYSDHR complaint.  Furthermore, SDH asserts that Turner's allegation regarding his paycheck being short by one day's pay, and that the matter was not remedied, is outside the relevant 300-day administrative filing period and was not raised in the administrative complaint, so it is barred from being included in this action.

SDH also asserts that, having presented the state anti-discrimination law claims to NYSDHR for adjudication, Turner "elected his state court remedy with respect to [those] claims, and accordingly, [those] claims are now barred, whether brought in state or federal court."  SDH maintains that is why "the state law claims should be dismissed for lack of subject matter jurisdiction."

In support of its motion, SDH submitted a declaration by its attorney accompanied by the following: (a) Exhibit A, the plaintiff's NYSDHR complaint, filed on May 20, 2011; (b) Exhibit B, the December 1, 2011 "Determination and Order After Investigation from the New York State Division of Human Rights"; (c) Exhibit C, the EEOC's January 24, 2012 Dismissal and Notice

of Rights; and (d) Exhibit D, the complaint in this action.

***Turner's Contentions***

In opposition to SDH's motion, Turner submitted: (a) his August 3, 2011 letter to Ms. Margaret King, Regional Secretary, NYSDHR, which he stated was a "rebuttal to the respondents [sic] aka St Domnick's Home response to my letter"; (b) a job description for the job title Department Supervisor, namely, "Residence Counselor-AMAP Certified, Developmental Disabilities Residence Manager"; (c) his "Confidential Witness Affidavit," submitted to the National Labor Relations Board in support of Turner's May 27, 2011 charge against UFCW; (d) a single-page document entitled "Supervision," dated October 21, 2009, seemingly bearing his and his supervisor's signatures, with a handwritten notation "Forged signature"; and (e) a single-page document, which appears to be Turner's time record, with a handwritten notation related to an entry marked "Mon 12/20," stating "say I was off when they said I was late." Turner contends that these documents are submitted in response to SDH's contention that his allegations do not identify employees referred to in the complaint or the national origin of those employees. Moreover, Turner contends that, before he complained to NYSDHR, he "reported all incidents to the proper people in the company and union." Turner maintains that he asserted the dates and times of the alleged discriminatory acts in his complaint to NYSDHR. He also contends that he did not have sufficient time "to receive the proper documents [he] needed to get from the Division of Human Rights."

***SDH's Reply***

SDH contends that: (1) Turner's "submissions in opposition to the instant motion do not contain sufficient facts to establish the existence of a materially adverse employment action to support an inference of discrimination"; (2) Turner "has not alleged a hostile work environment

based upon his national origin"; and (3) Turner failed to address SDH's arguments concerning the statute of limitations, his failure to exhaust administrative remedies regarding the incidents not raised in his NYSDHR complaint and the lack of subject matter jurisdiction over the state-law claims.  According to SDH, Turner's complaints "can be best characterized as generalized dissatisfaction with the way job duties are dispersed among staff, the way he is spoken to by his supervisor and the way meetings and time off are scheduled."  Moreover, Turner "concedes in his complaint that he engaged in misconduct, *i.e.*, lateness, which resulted in a three day suspension," as well as "that his job evaluations were repeatedly poor."  SDH maintains that "a three day suspension is the only arguable adverse action contained in the complaint," but it is <u>de minimis</u> and "does not rise to the level of an adverse employment action under the circumstances."  SDH contends that, to the extent Turner's submissions in opposition to the motion "suggest that he might be attempting to assert a claim of hostile work environment . . . the allegations in the complaint fall far short of the standard required."

## DISCUSSION

*Rule 12(d) Result of Presenting Matters Outside the Pleadings*

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."  <u>Sira v. Morton</u>, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted).  "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  "It is within the discretion of [the c]ourt to convert a motion filed under Fed. R. Civ. P.

12(b)(6) into one seeking summary judgment when matters outside the pleadings have been presented and accepted by the [c]ourt, and where all parties have been given a 'reasonable opportunity' to present materials pertinent to the motion's disposition." Aetna Cas. & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 573 (2d Cir. 2005) (affirming the district court's opinion).

> A represented party moving to dismiss . . . against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Fed. R. Civ. P. 12(b) . . . , shall serve and file the following notice with the full text of Fed. R. Civ. P. 56 attached at the time the motion is served. If the Court rules that a motion to dismiss . . . will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56, and the movant has not previously served and filed the notice required by this rule, the movant shall amend the form notice to reflect that fact and shall serve and file the amended notice within fourteen days of the Court's ruling.
>
> Local Civil Rule 12.1.

In support of its motion to dismiss, SDH submitted: (a) Exhibit A, the plaintiff's NYSDHR complaint, filed on May 20, 2011; (b) Exhibit B, the December 1, 2011 "Determination and Order After Investigation from the New York State Division of Human Rights"; (c) Exhibit C, the EEOC's January 24, 2012 Dismissal and Notice of Rights; and (d) Exhibit D, the complaint in this action. SDH did not provide Rule 56 notice to Turner, as required by Local Civil Rule 12.1 of this court.

The following SDH exhibits are not matters outside the pleadings: (i) Exhibit D is the complaint in this action; (ii) Exhibit C is the January 24, 2012 EEOC Dismissal and Notice of Rights, which is attached as an exhibit to the complaint; and (iii) Exhibit A is the plaintiff's NYSDHR complaint, incorporated by reference in the complaint in this action. However, SDH's Exhibit B, the December 1, 2011 "Determination and Order After Investigation from the New York State Division of Human Rights," is not expressly cited in the complaint, and it is not

8

integral to the allegations in the complaint, because Turner attached to his complaint the EEOC's Dismissal and Notice of Rights, which serves as corroboration for an allegation in the complaint that Turner satisfied a precondition to bringing a Title VII action.  See Francis v. City of New York, 235 F.3d 763, 768-69 (2d Cir. 2000) (exhausting administrative remedies is a precondition to bringing a Title VII claim in federal court).  Therefore, SDH's Exhibit B, the December 1, 2011 "Determination and Order After Investigation from the New York State Division of Human Rights," is a matter outside the pleadings.

In his opposition to the instant motion, Turner submitted: (a) his August 3, 2011 letter to Ms. Margaret King, Regional Secretary, NYSDHR, which he stated was a "rebuttal to the respondents [sic] aka St Domnick's Home response to my letter"; (b) a job description for the job title Department Supervisor, namely, "Residence Counselor-AMAP Certified, Developmental Disabilities Residence Manager"; (c) his "Confidential Witness Affidavit," submitted to the National Labor Relations Board in support of Turner's May 27, 2011 charge against UFCW; (d) a single-page document entitled "Supervision," dated October 21, 2009, seemingly bearing his and his supervisor's signatures, with a handwritten notation "Forged signature"; and (e) a single-page document which appears to be Turner's time record, with a handwritten notation related to an entry marked "Mon 12/20," stating "say I was off when they said I was late."  Turner's job description is incorporated by reference in the complaint, since he made specific allegations related to his job duties, outlined in his job description.  All other documents submitted by Turner in opposition to the motion are matters outside the pleadings because they are neither cited in the complaint nor integral to it, or do not pertain to the claims against SDH, such as Turner's "Confidential Witness Affidavit," submitted to the National Labor Relations Board in support of Turner's May 27, 2011 charge against UFCW.

SDH's motion to dismiss contains matters outside the pleadings, and, although Turner also submitted matters outside the pleadings in his opposition to SDH's motion, he did not receive notice about converting SDH's motion to dismiss into a Rule 56 motion for summary judgment. In light of Turner's pro se status and under the circumstances of this case, the Court finds that converting SDH's Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), is not warranted. Therefore, the Court will not treat SDH's Rule 12(b)(6) motion as a Rule 56 motion and will not consider matters outside the pleadings, as explained above, or any factual or legal assertions made by the parties that are based on matters outside the pleadings.

*Rule 12(b)(6) Failure to State a Claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)(citation omitted). In considering a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011). The court is not limited to the face of the complaint and may also consider "documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010)(citation omitted). Where the plaintiff is a pro se litigant a

court is duty bound to "read the pleadings . . . liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999)(citations omitted).

*Statute of Limitations*

A motion to dismiss claims as untimely is properly analyzed under Rule 12(b)(6). See Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989)(allowing assertion of a statute-of-limitations defense via a Rule 12(b)(6) motion to dismiss). Prior to bringing a suit alleging violations of Title VII, a plaintiff must first file a charge of discrimination with EEOC or an appropriate state or municipal anti-discrimination agency, if one exists, within the statutory time period. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070 (2002). Title VII provides, in relevant part, that:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . .
>
> 42 U.S.C. § 2000e–5(e)(1).

Accordingly, the time within which a plaintiff must file a charge of discrimination with the EEOC depends on whether a charge has been filed initially with an appropriate state or municipal anti-discrimination agency.

SDH concedes that the applicable time period for filing an administrative charge of discrimination is the 300 days immediately preceding the filing of the NYSDHR complaint, on

May 20, 2011, because that complaint is "deemed dually filed with the Federal Equal Employment Opportunity Commission." Therefore, any claims of discrimination occurring prior to July 24, 2010, including Turner's claim that his paycheck was short one day's pay in January 2010, are barred by the statute of limitations. Any claims pertaining to the time period after the filing of the complaint are also barred, as they do not meet the precondition to asserting Title VII claims. See Francis, 235 F.3d at 768-69.

*Title VII Discrimination Claim*s

To prevail on a Title VII claim, the plaintiff needs to show that: (1) he is a member of a protected class; (2) he was qualified to hold the position he held; (3) he suffered an adverse employment action; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Chin v. Port Authority of New York & New Jersey, 685 F.3d 135, 151 (2d Cir. 2012). "An adverse employment action is a 'materially adverse change in the terms and conditions of employment [that] is more disruptive than a mere inconvenience or an alteration of job responsibilities.'" Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006)(citation omitted). "[A] negative job evaluation may constitute [an] adverse employment action in certain circumstances." Sanders v. New York City Human Res. Admin., 361 F.3d 749, 756 (2d Cir. 2004)(citation omitted). However, "negative evaluations are adverse employment actions only if they affect ultimate employment decisions such as promotions, wages or termination." Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010)(citation omitted).

Turner alleged that every performance evaluation he received from SDH "has been graded poor or failing work performance." Turner makes no allegation that he was qualified for the position he was holding or what made him qualified for that position. Notwithstanding the negative performance evaluations, Turner's employment was not terminated and he was not

demoted. Turner does not allege that the defendant failed to promote him or pay wages to him, apart from his untimely allegation that his January 24, 2010 paycheck was short one day's pay. Turner's receipt of negative performance evaluations, by itself and in the circumstance of this case, does not amount to sufficient factual matter that, accepted as true, constitutes an allegation of adverse employment action that is plausible on its face. Moreover, accepting as true that Lewis directed her remarks that "all Americans are stupid" at Turner, Turner failed to make any allegations explaining what, if any, connection exists between that comment and his job assignments and the defendant's alleged discriminatory actions. Although Turner alleged that Lewis assigned him various duties, he did not identify the person(s) who made the employment-related decisions, and the complaint is devoid of any facts connecting Lewis's alleged treatment of Turner to the decisions related to his employment. Furthermore, although Turner contends he identified the relevant employees and dates in his NYSDHR complaint, he failed to do so in the complaint he filed with the court, and he made no allegations that the unidentified employees to whom he referred are similarly situated to him. Since Turner failed to make plausible factual allegations from which an inference of unlawful discrimination, based on national origin, could be made, he also failed to allege facts that would allow the court to draw a reasonable inference that defendant SDH is liable for the misconduct alleged. Accordingly, dismissing his Title VII discrimination claims is warranted.

***Title VII Retaliation Claims***

"To establish a prima facie case of retaliation, an employee must show that (1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Lore v. City of Syracuse, 670 F.3d 127, 157 (2d Cir. 2012).

As discussed above, although Turner alleged that he complained to Smith about Lewis's discriminatory remarks, he failed to allege that he suffered any materially adverse action and that a causal connection existed between his complaints and any adverse action.  Therefore, Turner failed to make plausible allegations sufficient for the court to draw a reasonable inference that defendant SDH is liable to him based on his retaliation claims.  Accordingly, dismissing Turner's Title VII retaliation claims is also warranted.

***Supplemental Jurisdiction***

"The district court may decline to exercise supplemental jurisdiction over a claim [in any civil action of which the district courts have original jurisdiction] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Since Turner's Title VII claims must be dismissed, and no particular reason exists warranting the exercise of supplemental jurisdiction, see, e.g., Valencia v. Lee, 316 F.3d 299, 305-06 (2d Cir. 2003) (no abuse of discretion when the court exercised supplemental jurisdiction over state-law claims after dismissing federal claims where the state-law claims implicated doctrine of preemption), declining to exercise supplemental jurisdiction over Turner's state-law claims is appropriate under the circumstances.  Accordingly, no need exists to address SDH's motion to dismiss the state-law claims for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1).

## RECOMMENDATION

For the foregoing reasons, I recommend that defendant SDH's motion to dismiss, pursuant to Rule 12(b)(6), Docket Entry No. 7, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York, 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 530, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 142, 106 S. Ct. 466, 468 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated: New York, New York
September 26, 2012

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Oscar Turner