UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

OSCAR TURNER                                  :

        Plaintiff,              :

  -against-                                      :

                                                    :

SAINT DOMINIC'S HOME;
UFCW, LOCAL 888,                              :

        Defendants.          :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 11, 2013

12 Civ. 2648 (PAC) (KNF)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 5, 2012, pro se Plaintiff Oscar Turner ("Turner") commenced this action against Saint Dominic's Home ("SDH") and United Food and Commercial Workers Union, Local 888 ("UFCW"), alleging unlawful employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290-301. (ECF No. 1.) Currently before the court is SDH's motion to dismiss, filed on May 24, 2012. (ECF No. 7.) On September 26, 2012, Magistrate Judge Fox issued a Report and Recommendation (the "R&R") that the Court grant SDH's motion to dismiss. (ECF No. 19.) No timely objections were received.[1] For the reasons that follow, the Court adopts Magistrate Judge Fox's R&R and grants SDH's motion to dismiss.

---

[1] Turner filed objections to the R&R on October 16, 2012 (ECF No. 20), and SDH responded to Turner's objections on November 1, 2012. (ECF No. 21.) "A pro se party's failure to object to a magistrate judge's report within the time prescribed by 28 U.S.C. § 636(b)(1) does not operate as a waiver 'unless the magistrate's report explicitly states that failure to object to the report within fourteen days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a)( and 6(e) of the Federal Rules of Civil Procedure." Ingram v. Herrick, 475 Fed. Appx. 792, *1 (2d Cir. 2012) (quoting Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)). Magistrate Judge Fox did so here. Accordingly, Turner's objections are not considered by the Court.

1

## **BACKGROUND**[2]

Turner alleges that he suffered illegal discrimination, based on his national origin, and retaliation while employed as a Residence Counselor at SDH between June 2009 and March 2012.  He asserts that every performance evaluation he received at SDH was graded "poor" or "failing work performance," but that his supervisor, Maxine Lewis ("Lewis"), refused to provide him with copies of his evaluations and insisted on discussing them in front of other employees.

Beginning in June 2009, Lewis assigned Turner to cooking duties at SDH, a position he held for nearly three years, notwithstanding that all duties were supposed to have been shared by all staff members.  Also in June 2009, Turner was assigned to work with two residents who wore adult diapers, even though they were on not on his floors and the assignment therefore violated SDH's policy, because no other employees wanted to work with the residents in question.  Additionally, Turner shared in other duties, including bathing and spending recreational time with residents, dispensing medicine, and washing clothes.

On January 24, 2010, Turner's paycheck was short one day's pay.  Turner brought the issue to Lewis's attention, but she failed to address it.  Subsequently, Turner was told by another colleague to speak with the payroll department, which informed him that Lewis had to submit paperwork in order for Turner to be compensated for his missing wages.  Lewis did not do so, and Turner never received his missing wages.

In September 2010, Turner reported to Susan Smith ("Smith"), a Human Resources Manager, that Lewis directed verbal abuse at him and frequently declared that "all Americans are stupid."  In response, Smith suggested that Turner transfer to another

---

[2] All facts are taken from the R&R unless otherwise indicated.

work site. In October 2010, another employee threatened to slap Turner while he was talking with Lewis. He again complained to Smith, who conducted an investigation but failed to interview Turner himself.

In December 2010, Smith interviewed several employees after receiving an anonymous allegation that Lewis discriminates against Americans. Turner confirmed to Smith that Lewis did so. Smith never spoke again with Turner throughout the investigation's duration. When Turner returned to work, Lewis confronted him and asked whether he "was plotting on her."

In January 2011, Turner was suspended for arriving late to work. Other employees who routinely arrived late were not punished for doing so.

In September 2011, Turner was written up for arriving to work late. The employee who relieved Turner every night was not written up, however, despite his routine tardiness.

In January 2012, a resident at SDH passed away. Lewis stated that the death was Turner's fault, leading others to make derogatory remarks about Americans.

On March 13, 2012, Turner was suspended from work for failure to complete his annual physical examination, while others who were similarly situated were not punished.

## DISCUSSION

I.    Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the report to which no timely objection has been made,

so long as there is no clear error on the face of the record." Seldon v. Magedson, No. 11 Civ. 6218, 2012 WL 4475020, at *1 (S.D.N.Y. Sept. 28, 2012).

**II.     Analysis**

    A.     Matters Outside the Pleadings

Federal Rule of Civil Procedure 12(d) provides that, "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Local Civil Rule 12.1 states that where a represented party refers to matters outside of the pleadings in moving to dismiss against a party proceeding pro se, the moving party must provide the pro se litigant with a notice that the court may treat the motion as one for summary judgment, along with the full text of Rule 56. The pleadings include any written instrument attached to the complaint as an exhibit, materials incorporated in the complaint by reference, as well as "documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

Magistrate Judge Fox found that both SDH's motion to dismiss and several documents submitted by Turner in opposition to the motion contain matters outside of the pleadings. He recommended, however, that the Court not convert SDH's motion to dismiss into a motion for summary judgment because Turner did not receive the proper notice, as required by Local Rule 12.1, and, accordingly, only matters within the pleadings should be taken into consideration. The Court adopts this conclusion.

    B.     Statute of Limitations

Magistrate Judge Fox recommended that Turner's claims of discrimination based on conduct occurring prior to July 24, 2010 and after May 20, 2011 be dismissed as

barred by the statute of limitations and for failure to satisfy all of Title VII's prerequisites, respectively. Prior to commencing an action alleging violations of Title VII, a plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), or an appropriate State or local agency within the statutory period. See Nat'l R.R Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Where the plaintiff initially filed a charge with a State or local agency, the charge must be filed within 300 days of the unlawful employment practice.. 42 U.S.C. § 2000e–5(e)(1). Turner filed his complaint with New York State Division of Human Rights and Equal Employment Opportunity Commission on May 20, 2011. (R&R at 5.) Accordingly, any allegations of discrimination occurring more than 300 days earlier – prior to July 24, 2010 – are barred by the statute of limitations. In addition, any allegations made after Turner's May 20, 2011 complaint are barred for failing to meet the precondition that they be presented to a state or local agency before being brought in court. See Francis v. City of New York, 235 F.3d 763, 768-69 (2d Cir. 2000). Accordingly, the Court adopts Magistrate Judge Fox's recommendation.

    C.    Title VII Discrimination Claims

To establish a prima facie case of Title VII discrimination, the plaintiff must show "'(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.'" Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 151 (2d Cir. 2012) (quoting Feingold v. N.Y., 366 F.3d 138, 152 (2d Cir. 2004)). "The Second Circuit has found that 'negative evaluation[s] . . .' may qualify as adverse employment

actions," Taylor v. N.Y.C. Dept. of Educ., No. 11 Civ. 3582, 2012 WL 5989874, at *10 (E.D.N.Y. Nov. 30, 2012) (quoting Zelnik f. Fashion Inst. of Tech., 464 F.3d 217, 226 (2d Cir. 2006)), so long as they "'affect ultimate employment decisions such as promotions, wages or termination.'" Jackson v. N.Y. State Office of Mental Health, No. 11 Civ. 7832, 2012 WL 3457961, at *8 (S.D.N.Y. Aug. 13, 2012) (quoting Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010)).

Magistrate Judge Fox recommended dismissing Turner's Title VII claim because he failed to plead sufficient facts from which an inference of unlawful discrimination on the basis of national origin could be made. Specifically, Magistrate Judge Fox correctly concluded that Turner's employment was not terminated, he was not demoted, and he did not allege that SDH failed to promote or pay him on the basis of his national origin. Moreover, he did not allege any connection between Lewis's allegedly anti-American comments and his job assignments and failed to specify who actually made "ultimate" decisions related to his employment. Accordingly, the Court finds no clear error with the R&R and adopts its recommendation that the Title VII discrimination claims be dismissed.

### D. Title VII Retaliation Claims

 "To establish a prima facie case of retaliation, an employee must show that (1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Lore v. City of Syracuse, 670 F.3d 127, 157 (2d Cir. 2012). As with his discrimination claims, Turner "failed to allege that he suffered any materially adverse action [or] that a causal connection existed

between his complaints and any adverse action." (R&R at 14.) His Title VII retaliation claims are therefore dismissed.

E. Supplemental Jurisdiction

Where all "'federal claims are dismissed . . . , state claims should be dismissed as well,' based on considerations of judicial economy, convenience, fairness and comity." Ernst v. Gateway Plaza Mgmt. Corp., No. 11 Civ. 1169, 2012 WL 1438263, at *2 (S.D.N.Y. Apr. 25, 2012) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Because there is no specific reason to exercise supplemental jurisdiction over the state law claims in this matter, the Court declines to do so.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Fox's Report and Recommendations in its entirety. SDH's motion to dismiss is GRANTED and the Clerk of the Court is directed to dismiss Saint Dominic's Home from the case.

Dated: New York, New York
       January 11, 2013

SO ORDERED

*[signature]*

PAUL A. CROTTY

United States District Judge

7

Copy Mailed By Chambers To:

Oscar Turner
3950 Hill Avenue
Bronx, NY 10466